# Exhibit A

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:22-cv-04829-SEG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                          _____
                                                          *Printed name and title*

                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Georgia

| | |
|---|---|
| Michael D. Lansky, LLC, and Michael Lansky | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:22-cv-04829-SEG |
| TransNexus, Inc. | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Jonathan Spalter, President and CEO, US Telecom
_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Technology Law Group, 5335 Wisconsin Avenue, NW, Suite 440, Washington, DC 20015 | Date and Time: 10/11/2023 9:30 am |
|---|---|

The deposition will be recorded by this method:  Stenographically and possibly videotaped

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Michael D. Lansky, LLC, and Michael Lansky
_____ , who issues or requests this subpoena, are:

Todd Jones, 1600 Parkwood Cir., Suite 200, Atlanta GA 30339, tjones@taylorenglish.com, (678) 336-7159

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DOCUMENTS

### INSTRUCTIONS

1.      In responding to these requests, you must furnish all responsive documents that are in your possession, custody, or control and available at the time of this production, including documents in the possession, custody or control of your agents and representatives.

2.      Any reference to an individual natural or non-natural person, either singularly or as part of a defined group, includes that person's past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of such natural or non-natural person.

3.      The singular includes the plural and vice-versa.

4.      The masculine gender includes the feminine and vice-versa.

5.      If You claim any privilege as a ground for not producing any document, You must provide a privilege log which includes the following:

      A.      The date of the document;

      B.      the name, the present or last known address, the telephone number, the title (or position) and the occupation of those individuals who prepared, produced, reproduced, or who were recipients of the document;

      C.      A description of the document sufficient to identify it without revealing the information for which the privilege is claimed;

      D.      The facts or basis upon which you claim privilege;

      E.      The location of the document;

F.    The custodian of the document; and

G.    If the document was but is no longer in your possession or subject to your control, state what disposition was made of it.

6.    All documents produced must be organized and labeled according to the request to which they are responsive or as they are kept in the usual course of business. If documents are removed from their original folders, binders, covers or containers to be produced, these documents must be identified in a manner so as to clearly specify where the documents originated.

7.    If any document was prepared in several copies or if additional copies were later made, and if any of these copies were not identical or are no longer identical because of any notation or modification, including without limitation, notations on the front or back of any of the pages, then the non-identical copy is a separate document and must be produced.

8.    Unless otherwise stated, all Requests seek the production of Documents created on January 1, 2021, to the present.

**DEFINITIONS**

1.    "Action" refers to the above-captioned lawsuit set forth on the attached Subpoena.

2.    "Avid Telecom" refers to Michael D. Lansky, LLC dba Avid Telecom, one of the plaintiffs in the Action.

3.    "Lansky" refers to Michael Lansky, one of the plaintiffs in the Action.

4.    "ZipDX" refers to ZipDX, LLC.

5.    "You" and/or "Your" refers to Jonathan Spalter.

6.    "DMS" refers to Digital Media Solutions, as more fully described on its website, https://digitalmediasolutions.com.

7.    "Industry Traceback Group" refers to the organization established by the USTelecom in 2015 to conduct tracebacks on behalf of the communications industry as more fully described on its website, https://tracebacks.org/about/.

{02645746-2 }

8.      "Inteliquent" refers to Inteliquent, the communication services provider, as more fully described on its website, https://www.inteliquent.com/about-us.

9.      "NUSO" refers to NUSO, the telecommunications service provider, as more fully described on its website, https://nuso.cloud/about/.

10.     "TransNexus" refers to TransNexus, Inc., the defendant in the Action and the software developer as more fully described on its website, https://transnexus.com.

11.     "USTelecom" refers to USTelecom – The Broadband Association, as more fully described on its website, www.ustelecom.org.

12.     "YouMail" refers to YouMail, as more fully described on its website, https://www.youmail.com/home/corp/about.

13.     "Communication(s)" means any transmission or exchange of information, data, ideas, opinions or thoughts between two or more persons, whether orally, electronically, in writing or otherwise, and shall include letters, memoranda, reports, computer transmissions, electronic mail (e-mail), instant messages, text messages, telegrams, facsimiles, messages, conversations, telephone calls, meetings, conferences and similar gatherings of people.

14.     "Document(s)" mean and include without limitation (1) all writings of any kind, including correspondence, memoranda, e-mails, text messages, instant messaged, notes, diaries, contracts, statistics, letters, telegrams, minutes, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice correspondence, offers, notations of any sort of conversations, meetings or any other communications, bulletins, printed matter, computer printouts, teletype, telefax, invoices, purchase orders, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing; (2) all graphic or oral records, or representations of any kind, including photographs, charts, graphs, microfiche, microfilm, videotape recordings and motion pictures; and (3) all electronic, mechanical or electrical records or representations of any kind, including tapes, cassettes, disks and recordings. This definition covers all such documents so defined in Your possession and/or control that are known by You to exist.

15.     "Refer to" or "relate to" means directly or indirectly referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being commenting on, regarding, discussing, describing, mentioning, reflecting, constituting, identifying, stating, dealing with, connected with, analyzing, confirming, supporting, reporting, setting forth, considering, contradicting, refuting, repudiating, rebutting, undermining, pertaining to, evidencing, or concerning the subject matter of the request, in whole or in part.

16.     "Regarding," "evidencing," "reflecting," or "concerning" when used with respect to a document, agreement, subject, or fact means embodying, containing, evidencing, reflecting, pertaining to, relating to, reciting, recording, supporting, refuting or referring to.

## REQUEST FOR DOCUMENTS

**REQUEST NO. 1**.  Please produce a copy of Your employment agreement with USTelecom.

**REQUEST NO. 2**.  To the extent that the employment agreement produced in Your Response to the previous Request does not address the issue, please produce a copy of Documents sufficient to identify Your job responsibilities as they relate to The Industry Traceback Group.

**REQUEST NO. 3**.  Please produce all Documents and Communications between You and the Federal Communications Commission or any representative thereof that refer or relate to Avid Telecom or Lansky.

**REQUEST NO. 4**.  Please produce all Documents and Communications between You and the Federal Trade Commission or any representative thereof that refer or relate to Avid Telecom or Lansky.

**REQUEST NO. 5.** Please produce all Documents that refer to or relate to the policies and procedure utilized by The Industry Traceback Group to determine whether an applicant qualifies for membership.

**REQUEST NO. 6.** Please produce all applications for membership that The Industry Traceback Group has received since its inception.

**REQUEST NO. 7.** Please produce Documents sufficient to evidence the action that was taken (*i.e.,* a grant or a denial and all reasons) in response to each of the applications identified in Your Response to the previous Request.

**REQUEST NO. 8.** Please produce all Documents that constitute, refer to or relate to the application for membership that The Industry Traceback Group has received from Avid Telecom.

**REQUEST NO. 9.** Please produce Documents sufficient to evidence the action that was taken in response to Avid Telecom's application, including all reasons for the denial of its application.

**REQUEST NO. 10.** Please produce Documents sufficient to evidence the number of tracebacks received by each of the members of The Industry Traceback Group each month since its inception.

**REQUEST NO. 11.** Please produce all Documents that constitute, refer to or relate to the policies and procedures implemented by The Industry Traceback Group to ensure that it operates in a manner that ensures its independence.

**REQUEST NO. 12.** Please produce all Documents and Communications between You and any telecommunications trade association (*e.g.,* STIR/SHAKEN Enterprise Summit, SOMOS), or any representative thereof, that refer to or relate to Avid Telecom or Lansky.

**REQUEST NO. 13.** Please produce all Documents and Communications between You and any carrier or other provider of telecommunications services, or any representative thereof, that refer to or relate to Avid Telecom or Lansky.

**REQUEST NO. 14**.  Please produce all Documents and Communications between You and TransNexus.

**REQUEST NO. 15**.  Please produce all transcripts of webinars or the like produced by TransNexus in which you were a participant.

**REQUEST NO. 16**.  Please produce copies of all testimonies or the like that you have provided to any state or federal governmental (including legislative) organization.

**REQUEST NO. 17**.  Please produce all operating manuals or the like that refer to, relate to or otherwise set forth the policies and procedures under which The Industry Traceback Group operates.

**REQUEST NO. 18**.  To the extent not included in your previous response, please produce all operating manuals or the like that refer to, relate to or otherwise set forth the policies and procedures under which The Industry Traceback Group issues tracebacks.

**REQUEST NO. 19**.  Please produce all orders, regulations or other Documents of any kind that authorize The Industry Traceback Group to make a determination that a call is an illegal robocall.

**REQUEST NO. 20**.  Please produce all Documents or Communications you have had any role in creating which asserts that a call transited by Avid Telecom is an illegal robocall.

**REQUEST NO. 21**.  Please produce all Documents that constitute, refer to or relate to a referral or a request by The Industry Traceback Group that the Federal Communications Commission investigate a call that was transited by Avid Telecom to determine if it was an illegal robocall.

**REQUEST NO. 22**.  Please produce all Documents that constitute, refer to or relate to a determination by the Federal Communications Commission a call that was transited by Avid Telecom, and referred by The Industry Traceback Group for investigation, was found by the Federal Communications Commission to be an illegal robocall.

**REQUEST NO. 23**.  Please produce documents sufficient to identify each traceback issued by The Industry Traceback Group to any of its members.

**REQUEST NO. 24**. Please produce all Documents and Communications between You and TransNexus, or any representative thereof, that refer to or relate to Avid Telecom or Lansky.

**REQUEST NO. 25**. Please produce all Documents and Communications between You and DMS, or any representative thereof, that refer to or relate to Avid Telecom or Lansky.

**REQUEST NO. 26**. Please produce all Documents and Communications between You and USTelecom, or any representative thereof, that refer or relate to Avid Telecom or Lansky.

**REQUEST NO. 27**. Please produce all Documents and Communications between You and the Industry Traceback Group, or any member or representative of the Industry Traceback Group, that refer or relate to Avid Telecom or Lansky.

**REQUEST NO. 28**. Please produce all Documents and Communications between You and the Indiana Attorney General, including any staff person and/or consultant to the Indiana Attorney General, that refer or relate to Avid Telecom or Lansky.

**REQUEST NO. 29**. Please produce all Documents and Communications between You and the Ohio Attorney General, including any staff person and/or consultant to the Ohio Attorney General, that refer or relate to Avid Telecom or Lansky.

**REQUEST NO. 30**. Please produce all Documents and Communications between You and the North Carolina Attorney General, including any staff person and/or consultant to the North Carolina Attorney General, that refer or relate to Avid Telecom or Lansky.

**REQUEST NO. 31**. Please produce all Documents and Communications between You and the Vermont Attorney General, including any staff person and/or consultant to the Vermont Attorney General, that refer or relate to Avid Telecom or Lansky.

**REQUEST NO. 32**. Please produce all Documents that constitute, refer, or relate to, or reflect the provision of money or any other thing of value to USTelecom, The Industry Traceback Group or You, personally, by any third party in return for the issuance of a traceback by The Industry Traceback Group or by You, personally.

**REQUEST NO. 33**.  Please produce all Documents that constitute, refer, or relate to, or reflect the provision of money or any other thing of value to USTelecom, The Industry Traceback Group or You, personally, by any third party in return for any other product or service provided by Industry Traceback Group or You, personally.

**REQUEST NO. 34**.  Please produce documents sufficient to identify all persons that have employed by the Industry Traceback Group since its inception.

**REQUEST NO. 35**.  Please produce documents sufficient to identify all persons that act as independent contractors providing any service to the Industry Traceback Group.

**REQUEST NO. 36**.  Please produce all agreements (past and present) between The Industry Traceback Group and/or USTelecom and David Frankel.

**REQUEST NO. 37**.  Please produce all agreements (past and present) between The Industry Traceback Group and/or USTelecom and ZipDX.

**REQUEST NO. 38**.  Please produce all Documents that constitute, refer, or relate to, or reflect the provision of money or any other thing of value (*e.g.,* a consulting fee or the like), from and/or among USTelecom, The Industry Traceback Group or You, personally, and any state Attorney General or other state agency.

**REQUEST NO. 39**.  Please produce all Documents that constitute, refer, or relate to, or reflect the transfer of money or any other thing of value (*e.g.,* a consulting fee or the like) to, from and/or among You and any state Attorney General or other state agency.

**REQUEST NO. 40**.  Please produce complete copies of all traceback requests that are in your possession or control (regardless of the issuing party) that refer to or relate to Avid Telecom.

**REQUEST NO. 41**.  Please produce all Documents that constitute, refer or relate to, or reflect the receipt of money or any other thing of value by You in connection, whether directly or indirectly, with the issuance of a traceback request.

**REQUEST NO. 42**.  Please produce all Documents and Communications between You and Inteliquent that refer or relate to Avid Telecom, Lansky, and/or any telecommunications traffic delivered to, or received from, Avid Telecom.

{02645746-2 }

**REQUEST NO. 43**. Please produce all Documents and Communications between You and NUSO that refer or relate to Avid Telecom, Lansky, and/or any telecommunications traffic delivered to, or received from, Avid Telecom.

**REQUEST NO. 44**. Please produce all Documents and Communications between You and YouMail that refer or relate to Avid Telecom, Lansky, and/or any telecommunications traffic delivered to, or received from, Avid Telecom.

**REQUEST NO. 45**. Please produce all Documents and Communications between You and any publisher (*e.g.,* a newspaper, magazine, newsletter, blog, whether print or electronic) that refer or relate to Avid Telecom and/or to Lansky.

**REQUEST NO. 46**. Please produce all cease-and-desist orders or the like issued to David Frankel and/or to ZipDX that the Industry Traceback Group has requested or otherwise been associated with.

**REQUEST NO. 47**. Please produce all Documents and Communications between You and David Frankel and/or ZIPDX that refer or relate to Avid Telecom, Lansky, and/or any telecommunications traffic delivered to, or received from, Avid Telecom.

**REQUEST NO. 48**. Please produce all Documents, including agreements of any kind, that refer to or relate to the purchase and/or the use of the RRAPTOR software by The Industry Traceback Group.

**REQUEST NO. 49**. Please produce all Documents that constitute, refer to and/or relate to the traceback issued by The Traceback Group referencing the activities of LTE Wireless.

**REQUEST NO. 50**. Please produce all Documents and Communications between You and the Arizona Attorney General, including any staff person and/or consultant to the Arizona Attorney General, that refer or relate to Avid Telecom or Lansky, including any documents related to State of Arizona ex rel. Kristin K. Mayes et al. v. Michael D. Lansky LLC dba Avid Telecom (USDC AZ Case 4:23-cv-00233).